UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
(DALLAS DIVISION)

| | | |
|---|---|---|
| ROBERT ALLEN BAUTISTA,<br><br>Plaintiff,<br>v.<br><br>CAPITAL ONE FINANCIAL CORPORATION 878185453, CAPITAL ONE, NATIONAL ASSOCIATION 006947543, CAPITAL ONE SERVICES, LLC 837630326,<br><br>Defendants. | § § § § § § § § § § § § § | Case No.: 3:24-cv-3010 |

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1441(a) AND 1331 (FEDERAL QUESTION)**

TO THE CLERK OF THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS (DALLAS DIVISION):

PLEASE TAKE NOTICE that Defendant **Capital One, N.A.** (erroneously sued herein as (i) "Capital One Financial Corporation 8781865453," (ii) "Capital One, National Association 006947543," and (iii) "Capital One Services, LLC 837630326" (hereinafter "Capital One")), hereby invokes this Court's jurisdiction, under the provisions of 28 U.S.C. §§ 1441(a) and 1331, and removes this action from state court to federal court pursuant to 28 U.S.C. § 1446(b).

**I.   JURISDICTION**

1. Capital One specifically alleges that this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1441(a) and § 1331 because Plaintiff Robert Allen Bautista ("Plaintiff") alleges causes of action arising under the **Equal Credit Opportunity Act** (15 U.S.C. §§ 1691 *et seq.*), the **Fair Housing Act** (42 U.S.C. §§ 3601 *et seq.*), the **Fair Credit**

**Reporting Act** (15 U.S.C. §§ 1681 *et seq.*), **FACTA** (15 U.S.C. § 1681c), and the **Securities Exchange Act of 1934** (15 U.S.C. §§ 78j(b) *et seq.*).

## II. STATEMENT OF THE CASE

2. On October 25, 2024, Plaintiff filed his Complaint ("Complaint") in the District Court of Dallas County, Texas, designated as Case No. DC-24-18868 (the "Action").

3. In the Complaint, Plaintiff alleges that Capital One violated numerous federal statutes, including the Equal Credit Opportunity Act (15 U.S.C. § 1691), Fair Housing Act (42 U.S.C. § 3601), Fair Credit Reporting Act (15 U.S.C. § 1681), FACTA (15 U.S.C. § 1681c), and Securities Exchange Act of 1934 (15 U.S.C. § 78j(b). [Exhibit A, Complaint at p. 2.]

## III. BASIS FOR REMOVAL

4. This Court has jurisdiction over this Action pursuant to 28 U.S.C. § 1331 because Plaintiff alleges that Capital One violated numerous laws of the United States. Thus, the adjudication of Plaintiff's Complaint requires an analysis and construction of federal law.

5. This Action may be removed to this Court by Capital One pursuant to 28 U.S.C. §§ 1441(a) and 1331 because this Court would have had original jurisdiction founded on Plaintiff's claims arising under the CCPA.

6. Further, pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over any state law cause of action that Plaintiff may allege in the future because they will inevitably appear "so related to claims in the action with such original jurisdiction that they form part of the same case or controversy."

## IV. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.

7. Removal is timely. 28 U.S.C. §1446(b) provides that a notice of removal must be "filed within thirty [30] days after receipt by the defendant . . . of a copy of the initial pleading

setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. §1446(b). It is well established that the date of "receipt" is interpreted to mean the date by which formal service is effectuated. *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 354 (1999) (holding that receipt of a pleading by a method of delivery that did not formally effectuate service did not trigger the removal clock and explaining that "the defendant's period for removal will be no less than 30 days from service"). Here, Plaintiff served Capital One with the Summons and Complaint on November 1, 2024, such that this removal is timely. [*see* **Exhibit 1**.]

8. **Removal to Proper Court**. Venue lies in the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. §§ 1441(a) because the Action was filed within this judicial district. 28 U.S.C. § 124(a)(1).

9. **Consent to Removal**. Capital One is the only named Defendant in this action.

10. **Pleadings and Process**. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders received by Capital One in the Action are attached hereto as **Exhibit 1**.

11. **Notice**. Written notice of the filing of this Notice of Removal will be promptly served upon Plaintiff. Capital One will also promptly file a copy of this Notice with the Clerk of the District Court of Dallas County, Texas.

**WHEREFORE** Capital One prays that the Action now pending against it in the District Court of Stephens County, Oklahoma be removed therefrom to this Court.

Dated: December 2, 2024                Respectfully submitted,

                                                    *s/ David Herrold*
                                            David H. Herrold
                                            Texas Bar No. 24107029
                                            **BURKE BOGDANOWICZ PLLC**
                                            1201 Elm Street, Suite 4000
                                            Dallas, Texas 75270

Tel. (214) 473-5985
E-mail: dherrold@burkebog.com

**Attorneys for Defendant,
CAPITAL ONE, N.A.**

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 2, 2024, he caused a true and correct copy of the above and foregoing instrument to be deposited into the U.S. Mails, all postage prepaid thereon, and e-mailed, addressed to:

Robert Allen Bautista, *pro se*
P.O. Box 131385
Dallas, TX 75313-1385
E-mail: rbrtbtst16@gmail.com

*s/ David Herrold*
David H. Herrold

4