UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **ROBERT ALLEN BAUTISTA**,  Plaintiff,  v.  **CAPITAL ONE FINANCIAL CORPORATION; CAPITAL ONE, NATIONAL ASSOCIATION; CAPITAL ONE SERVICES, LLC; EQUIFAX INC.; EXPERIAN CORPORATION; TRANSUNION**,  Defendants. | Case No.: 3:24-cv-03010-N-BT |

### DEFENDANT CAPITAL ONE, N.A.'S ANSWER
### TO PLAINTIFF'S AMENDED COMPLAINT AND JOINDER OF DEFENDANTS

Defendant Capital One, N.A., additionally and erroneously named as "Capital One Financial Corporation" and "Capital One Services, LLC," ("Capital One") and answers the *Amended Complaint* **(Doc. 9)** (the "Complaint") filed by Plaintiff Robert Allen Bautista ("Plaintiff") and alleges as follows:

Except as expressly admitted or qualified below, Capital One denies each and every allegation of the Complaint.

### **PARTIES**

1.　In response to paragraph 1 of the Complaint, Capital One admits that Plaintiff is a party in this action.

2.　In response to paragraph 2 of the Complaint, Capital One admits that Plaintiff has named the listed entities as defendants in this action. Defendants Capital One Financial Corporation and Capital One Services LLC are improperly and erroneously named as defendants.

## JURISDICTION AND VENUE

3. In response to paragraph 3 of the Complaint, Capital One admits that Plaintiff alleges that this Court has jurisdiction pursuant to 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331. Capital One further responds that this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, Capital One does not dispute that this Court has jurisdiction over this matter.

4. In response to paragraph 4 of the Complaint, Capital One admits that Plaintiff alleges that venue in this district is proper. Capital One further responds that this paragraph contains conclusions of law to which no response is required. To the extent that a response is required, Capital One does not dispute that venue is proper.

## FACTUAL BACKGROUND

5. In response to paragraph 5 of the Complaint, Capital One denies, generally and specifically, each and every allegation contained in this paragraph.

6. In response to paragraph 6 of the Complaint, Capital One denies, generally and specifically, each and every allegation contained in this paragraph.

7. In response to paragraph 7 of the Complaint, Capital One denies, generally and specifically, each and every allegation contained in this paragraph.

8. In response to paragraph 8 of the Complaint, Capital One denies, generally and specifically, each and every allegation contained in this paragraph.

9. In response to paragraph 9 of the Complaint, Capital One denies, generally and specifically, each and every allegation contained in this paragraph.

10. In response to paragraph 10 of the Complaint, Capital One denies, generally and specifically, each and every allegation contained in this paragraph.

## LEGAL FRAMEWORK

11. In response to paragraph 11 of the Complaint, Capital One denies, generally and specifically, each and every allegation contained in this paragraph.

## CAUSE OF ACTION

12. In response to paragraph 12 of the Complaint, Capital One denies, generally and specifically, each and every allegation contained in this paragraph.

## PRAYER FOR RELIEF

With respect to this section of the Complaint, Capital One denies that Plaintiff is entitled to any of the relief that Plaintiff seeks as against Capital One.

## JOINDER OF DEFENDANTS

In response to this section of the Complaint, Capital One is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies, generally and specifically, each and every allegation contained in this paragraph.

## JURY DEMAND

With respect to this section of the Complaint, Capital One admits that Plaintiff claims to be entitled to and demands a trial by jury.

## AFFIRMATIVE DEFENSES

NOW WHEREFORE, having answered the Complaint, Capital One asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a claim upon which relief can be granted against Capital One.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiff failed to mitigate Plaintiff's damages, if any.

## THIRD AFFIRMATIVE DEFENSE

3. Damages or injuries, if any, suffered by Plaintiff are attributable to Plaintiff's own conduct, deeds, acts, words and omissions, and not to any conduct, deeds, acts, words or omissions of Capital One.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff is not entitled to attorney's fees.

## FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff is barred from any legal or equitable relief under each of the purported causes of action in the Complaint, to the extent offsetting claim(s) exist.

## SIXTH AFFIRMATIVE DEFENSE

6. The alleged actions of Capital One were not accompanied by actual malice, intent, or ill will.

## SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's claim that Capital One committed willful violations of the Fair Credit Reporting Act is barred by the principles articulated in Safeco Ins. Co. v. Burr, 127 S. Ct. 2201 (2007).

## EIGHTH AFFIRMATIVE DEFENSE

8. Without waiver of any of the denials contained herein, Capital One asserts that, if Plaintiff sustained any damages such damages were proximately caused by the acts or omissions of other persons, firms, or corporations.

### NINTH AFFIRMATIVE DEFENSE

9. Capital One's acts, conduct, and communications, if any, were justified.

### TENTH AFFIRMATIVE DEFENSE

10. Capital One acted in good faith and any violation by Capital One of the statutes alleged in the Complaint was not intentional and resulted (if at all) from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Capital One acted reasonably and in good faith at all material times based on all relevant facts and circumstances known by it at the time it so acted.

### TWELFTH AFFIRMATIVE DEFENSE

12. Capital One is informed and believes, and on that basis alleges that it has complied with all applicable state and federal laws, statutes and regulations and, therefore, cannot be held liable for any alleged damages suffered by Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. As a result of this litigation, Capital One was required to retain the undersigned counsel, to whom they are obligated to pay a reasonable fee, for which Capital One is entitled to recovery pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b).

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Capital One alleges that it has performed all conditions, covenants, and obligations imposed upon it as to Plaintiff, if any, with the exception of those conditions, covenants, and obligations, which have been excused, waived, or discharged by Plaintiff's conduct.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. Capital One denies that Plaintiff sustained any damages as a result of any alleged act or failure to act by Capital One as alleged in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. The Complaint and each cause of action therein fail to state fact sufficient to warrant an award of exemplary or punitive damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. Plaintiff lacks standing to assert the claims alleged in this action against Capital One, because Plaintiff did not suffer a concrete injury.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18. Plaintiff would be unjustly enriched if allowed to recover under the Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

19. Capital One reserves the right to allege and assert any additional and/or further affirmative defenses as become apparent to Capital One during the course of litigation.

WHEREFORE, Capital One prays for judgment against Plaintiff as follows:

A. That the Complaint be dismissed with prejudice in its entirety;

B. That Plaintiff take nothing by reason of the Complaint;

C. That judgment be entered in favor of Capital One;

D. For recovery of Capital One's costs of suit, including its attorney's fees to the extent recoverable by contract or law; and

E. For such other and further relief as the Court deems just.

Dated: December 18, 2024            Respectfully submitted,

                                /s/   David Herrold
                                David H. Herrold, SBN 24107029
                                BURKE BOGDANOWICZ PLLC
                                1201 Elm Street, Suite 4000
                                Dallas, Texas 75270
                                Tel. (214) 473-5985
                                E-mail: dherrold@burkebog.com

                                **Attorneys for Defendant,**
                                **CAPITAL ONE, N.A.**

<u>CERTIFICATE OF SERVICE</u>

      The undersigned hereby certifies that on December 18, 2024, he caused the above and foregoing pleading to be electronically filed with the CM/ECF System maintained by the U.S. District Court for the Northern District of Texas (Dallas Division), and understands that a '*Notice of Electronic Filing*' with a link to said instrument, as filed, will be served in accordance with Fed.R.Civ.P. 5 upon the following persons who have registered with the CM/ECF System to obtain service therefrom in this civil action:

      **David H Herrold**    dherrold@burkebog.com, mgoens@burkebog.com
      **Robert Allen Bautista**    rbrtbtst16@gmail.com

                                            *s/David Herrold*