IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**ROBERT ALLEN BAUTISTA**,
Plaintiff,

v.  § Case No. 3:24-cv-03010-N-BT§

**CAPITAL ONE FINANCIAL CORPORATION**,
**CAPITAL ONE, NATIONAL ASSOCIATION**,
**CAPITAL ONE SERVICES, LLC**,
**EQUIFAX INC.**,
**EXPERIAN CORPORATION**,
**TRANSUNION**,
Defendants.

---

**PLAINTIFF'S RESPONSE TO DEFENDANT CAPITAL ONE, N.A.'S ANSWER AND AFFIRMATIVE DEFENSES**

Plaintiff Robert Allen Bautista ("Plaintiff"), by and through his undersigned counsel, submits this detailed Response to Defendant Capital One, N.A.'s ("Capital One") Answer and Affirmative Defenses to the Amended Complaint. The following outlines Plaintiff's arguments in opposition to Defendant's claims, further clarifies Plaintiff's legal position, and underscores the legal grounds upon which Plaintiff asserts that Defendant's actions, including refusal to honor lawful Bills of Exchange and discriminatory treatment, were unlawful under applicable federal and state laws, including but not limited to the Fair Credit Reporting Act ("FCRA"), the Equal Credit Opportunity Act ("ECOA"), and various provisions of Texas state law governing contractual obligations and consumer protection.

**I. RESPONSE TO DEFENDANT'S ADMISSIONS AND DENIALS**

**PARTIES**

**1. Paragraph 1 (Plaintiff's Allegation):**
Capital One admits that Plaintiff is a party to this action. However, Plaintiff respectfully asserts that the Defendant's conduct is not only improper but also unlawful, as it violates Plaintiff's rights under both federal and state law, including the **Fair Credit Reporting Act** (15 U.S.C. § 1681) and **Equal Credit Opportunity Act** (15 U.S.C. § 1691). Capital One's repeated refusal to accept Bills of Exchange, despite their legal validity, directly impairs the Plaintiff's ability to fulfill his legal and financial obligations on behalf of the Principal.

**2. Paragraph 2 (Defendants Named):**
Capital One admits that Plaintiff has named the listed entities as defendants but contends that Capital One Financial Corporation and Capital One Services, LLC are erroneously named. Plaintiff asserts that these entities are properly named and are integral to the broader scheme of discriminatory and unlawful conduct that forms the basis of the lawsuit. Plaintiff's claims extend to all corporate entities associated with Capital One, as they are part of the same corporate structure that is responsible for the wrongful acts

committed in this matter. It is well within Plaintiff's rights to bring claims against the named entities under the principle of corporate liability for actions taken by affiliated companies.

**JURISDICTION AND VENUE**

**3. Paragraphs 3 and 4 (Jurisdiction and Venue):**
Capital One does not dispute the Court's jurisdiction over this matter or its proper venue in the Northern District of Texas. Plaintiff agrees, asserting that jurisdiction is proper pursuant to **28 U.S.C. § 1331**, which grants federal courts jurisdiction over cases arising under the laws of the United States, and **15 U.S.C. § 1681(p)**, as this case involves violations of the **Fair Credit Reporting Act (FCRA)** and other related federal statutes. As noted in **FCRA** claims, federal jurisdiction is not merely convenient but essential to the enforcement of rights under the act (see **Safeco Insurance Co. v. Burr**, 551 U.S. 47 (2007)).

**FACTUAL BACKGROUND**

**4. Paragraphs 5–10 (Plaintiff's Allegations):**
Capital One denies all of Plaintiff's factual allegations. Plaintiff respectfully disagrees with these denials and asserts that the factual claims set forth in the Amended Complaint are both substantiated and critical to the resolution of the case. Specifically:

- **Discriminatory Treatment:** The Plaintiff has suffered and continues to suffer unlawful discrimination due to Capital One's refusal to honor legal payment instruments, such as **Bills of Exchange**, which are recognized by federal law as valid forms of payment (see **U.C.C. Article 3**).

- **Failure to Accept Bills of Exchange:** The Plaintiff's actions, including the presentation of **Bills of Exchange**, represent an effort to fulfill financial obligations in accordance with established law. Capital One's refusal to accept these instruments is not merely an inconvenience but constitutes a **breach of contract** and is a direct violation of **Texas Business and Commerce Code § 3.310**, which governs negotiable instruments.

- **Failure to Set Off Debt:** The Defendant's refusal to recognize Plaintiff's request to set off an eligible debt is also a violation of the applicable **Uniform Commercial Code (UCC)** provisions, including **UCC § 4A** which governs payments. Plaintiff's right to set off under these legal provisions should be acknowledged, as denying such an action is both unjust and unlawful under the **Texas Business and Commerce Code**.

Plaintiff also asserts that Capital One's actions have violated **Title VII of the Civil Rights Act of 1964** in relation to discriminatory credit practices, as it is reasonably believed that Capital One's failure to engage in good faith settlement with Plaintiff stems from a discriminatory intent, further compounding Plaintiff's injury.

**II. RESPONSE TO DEFENDANT'S CAUSE OF ACTION AND PRAYER FOR RELIEF**

**CAUSE OF ACTION (Paragraph 12)**

Capital One denies each of Plaintiff's claims, but Plaintiff reasserts that the cause of action is grounded in **solid legal precedent** and **violation of statutory rights**. Plaintiff's legal claims are based on **FCRA** violations (15 U.S.C. § 1681 et seq.), **ECOA** violations (15 U.S.C. § 1691), and contractual breaches, including the Defendant's failure to accept **Bills of Exchange** as valid payment instruments. The Defendant's refusal to honor these financial instruments has led to actionable damage, as Plaintiff has

incurred financial loss and damage to his reputation and standing under the law, all of which were directly caused by Capital One's wrongful conduct.

**PRAYER FOR RELIEF (Paragraph 13)**

Plaintiff respectfully requests that this Court grant the following relief:

- **Declare** that Capital One's conduct constitutes a violation of the **Fair Credit Reporting Act**, the **Equal Credit Opportunity Act**, and other related federal laws and Texas state law.

- **Order** Capital One to immediately accept lawful Bills of Exchange presented by the Plaintiff and discharge the financial obligations of the Principal, including the balance owed.

- **Award** Plaintiff damages, including actual, consequential, emotional distress, and punitive damages, for the unlawful and discriminatory treatment Plaintiff has endured as a result of Capital One's bad faith actions (see **Doe v. Abbott**, 2018 WL 4492247, at *8 (Tex. App.—Austin 2018)).

- **Award** attorney's fees and costs associated with the action, as Plaintiff has been forced to bring this suit due to Defendant's noncompliance with federal and state laws (15 U.S.C. § 1681n(c)).

- **Order** any further relief the Court deems just and equitable under the law, including any necessary orders to enforce Plaintiff's rights under the **Texas Debt Collection Act (TDCA)**, which applies to creditor conduct and could be violated by Capital One's refusal to settle outstanding debts in a lawful manner.

**III. RESPONSE TO DEFENDANT'S AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE (Failure to State a Claim):**
Capital One's assertion that Plaintiff's Complaint fails to state a claim is wholly without merit. As noted in **Ashcroft v. Iqbal**, 556 U.S. 662 (2009), a complaint that provides sufficient facts and legal grounds to support its claims is legally adequate. Plaintiff's Complaint clearly states viable claims under federal and state law, and the Defendant's attempt to dismiss these claims should be rejected.

**SECOND AFFIRMATIVE DEFENSE (Failure to Mitigate Damages):**
Capital One claims Plaintiff failed to mitigate damages, but Plaintiff has taken all necessary steps to resolve this matter, including offering lawful Bills of Exchange and requesting debt set-offs in accordance with applicable law. Defendant's own refusal to comply with these reasonable requests exacerbated Plaintiff's injury. This defense lacks merit.

**THIRD AFFIRMATIVE DEFENSE (Plaintiff's Own Conduct):**
Capital One argues that any damages are attributable to Plaintiff's own conduct. Plaintiff strongly disagrees and asserts that the only cause of injury is Defendant's unlawful refusal to comply with financial obligations under federal and state law, including failure to accept valid payment instruments and engage in good faith negotiations.

**FOURTH AFFIRMATIVE DEFENSE (No Attorney's Fees):**
Plaintiff is entitled to attorney's fees under **15 U.S.C. §§ 1681n(c) and 1681o(b)**, as Plaintiff has incurred significant legal costs as a direct result of Capital One's unlawful conduct.

**FIFTH AFFIRMATIVE DEFENSE (Offsetting Claims):**
Capital One's assertion of offsetting claims is irrelevant, as Plaintiff's legal claims stem from clear breaches of law by Capital One, unrelated to any purported offsets.

**SIXTH AFFIRMATIVE DEFENSE (No Malice or Ill Will):**
Capital One claims no malice or ill will in its actions. However, Plaintiff submits that Defendant's conduct constitutes bad faith under **Texas Civil Practice & Remedies Code § 41.003**, and damages should be assessed accordingly.

**SEVENTH AFFIRMATIVE DEFENSE (Willful Violations Barred):**
Capital One cites **Safeco Ins. Co. v. Burr**, 551 U.S. 47 (2007), to claim that willful violations of the law are not applicable. However, Plaintiff maintains that Capital One's conduct, in rejecting lawful payment methods and engaging in discriminatory practices, demonstrates willful misconduct.

**IV. CONCLUSION AND PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Court:

1. **Declare** Capital One's conduct constitutes violations of the **Fair Credit Reporting Act**, the **Equal Credit Opportunity Act**, and related laws;
2. **Order** Capital One to immediately accept lawful Bills of Exchange and discharge the Principal's financial obligations;
3. **Award** Plaintiff damages, including actual, consequential, and punitive damages;
4. **Award** attorney's fees, costs, and any other relief deemed just and equitable under the law.

**DATED this 19th day of December, 2024.**

**Respectfully submitted,**

**WITHOUT RECOURSE
WITHOUT PREJUDICE
ROBERT ALLEN BAUTISTA®
BY:/s/ Bautista, Robert – Allen / Agent**
-------------------------------------------
Robert Allen Bautista / Attorney-in-Fact

PO BOX 131385
DALLAS, TX 75313-1385
RBRTBTST16@GMAIL.COM
702-501-9639