IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT ALLEN BAUTISTA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:24-cv-03010-N-BT |
| | § | |
| CAPITAL ONE FINANCIAL | § | |
| CORPORATION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## SCHEDULING ORDER

The District Judge referred this removed civil action to United States Magistrate Judge Rebecca Rutherford under 28 U.S.C. § 636(b) and a standing order of reference. Order (ECF No. 5). Pursuant to Fed. R. Civ. P. 16(b) and the Civil Justice Expense and Delay Reduction Plan for the Northern District of Texas, the Court enters this Scheduling Order. Unless otherwise ordered or specified herein, the parties must observe all limitations and requirements of the Federal Rules of Civil Procedure and the Local Civil Rules of the Northern District of Texas.

## SUMMARY OF IMPORTANT DEADLINES

| | |
|---|---|
| **Amendment of Pleadings and Joinder of Parties** | January 23, 2025 |
| **Completion of Discovery** | September 10, 2025 |
| **Settlement Conference** | October 1, 2025 |
| **Dispositive Motions** | November 5, 2025 |
| **Trial** | TBD |

1. **Amendment of Pleadings and Joinder of Parties**: Amended pleadings, including amendments joining additional parties, must be filed by **January 23, 2025**. Motions for leave to amend need not be filed so long as the amendment is filed within the deadline set in this paragraph. After **January 23, 2025**, a party may amend its pleadings only with leave of Court, upon a showing of good cause.

    a. **Redline Requirement**: The amending party shall attach as an exhibit to the pleading a redlined version of the prior pleading.

1

    b. **Response to Amended Pleading**: The deadline to file a response to an amended pleading is 21 days after the date the amended pleading is served, notwithstanding expiration of the amended pleading deadline.

2. **Completion of Discovery**: All fact and expert discovery must be initiated in time to be completed by **September 10, 2025**. This includes the use of subpoenas to obtain documents from third parties under Fed. R. Civ. P. 45, and the supplementation of discovery responses as required by Fed. R. Civ. P. 26(e). The parties may agree to extend the discovery deadline, provided (1) the extension does not affect the dispositive-motion deadline established by this Pretrial Scheduling Order, and (2) the parties give prompt written notice of the extension to the Court.

   Plaintiff must designate expert witnesses by **July 9, 2025**. Defendant must designate expert witnesses by **July 23, 2025**. Parties must designate rebuttal experts by **August 22, 2025**. The designation of experts must comply with the provisions of Fed. R. Civ. P. 26(a)(2).

3. **Settlement Conference and Settlement Status Report**: No later than **October 1, 2025**, lead counsel and all unrepresented parties must meet and confer by telephone to discuss settlement of this case. At the conclusion of this conference, the parties must, within three business days, file a joint report notifying the Court of the results of the conference and, if the case did not settle, the status of settlement negotiations.

4. **Motion Practice**:

   a. **Dispositive Motions**: All motions that would dispose of all or any part of this case, including motions for summary judgment, must be filed by **November 5, 2025**. Objections to the qualifications or competency of experts, sometimes referred to as *Daubert* motions, will be considered as dispositive motions and must be filed by the dispositive-motion deadline. The deadline for filing dispositive motions will not be modified except upon written motion for good cause shown.

   b. **Nondispositive Motions**: Before filing a nondispositive motion, the moving party's counsel, or the unrepresented party, must confer with the attorney, or the unrepresented party, for each party

       affected by the requested relief to determine whether the motion is opposed. Each motion must include a certificate of conference that complies with Local Civil Rule 7.1(b).

    c. **Sealed Materials**: Parties must not unreasonably file pleadings, motions, or other papers under seal. *See June Med. Servs., LLC v. Phillips*, 2022 WL 72074, at *6 (5th Cir. Jan. 7, 2022); *see also Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021). Private or sensitive information, including social-security numbers, taxpayer-identification numbers, financial-account numbers, minors' names, and dates of birth, should be redacted from any document filed with the Court.

    d. **Courtesy Copies**: The Court does **not** require courtesy copies of any pleadings, motions, or other documents filed on the docket.

    e. **Oral Argument**: The Court routinely sets discovery motions for hearing on an expedited basis and allows oral argument on nondiscovery motions on a case-by-case basis. *See* N.D. Tex. L. Civ. R. 7.1(g). Counsel should advise the Court if they believe oral argument would be particularly helpful in a given matter. If the Court sets a motion for hearing, it will require counsel for both parties to attend the hearing in person.

    f. **Proposed Orders**: Every motion must be accompanied by a proposed order that is set forth separately. *See* N.D. Tex. L. Civ. R. 7.1(c). An agreed proposed order must be signed by the attorneys or parties. Movants should submit proposed orders via the Court's Electronic Case Filing system.

5. **Requirement of Local Counsel**: Under the Court's Local Rules, unless exempted by Local Rule 83.11, local counsel is required in all cases where an attorney appearing in a case does not reside or maintain the attorney's principal office in this district. *See* N.D. Tex. L. Civ. R. 83.10(a).

6. **Trial**: The Court will set this case for **TRIAL** by separate order after all dispositive motions have been decided. The pretrial order will establish trial-related deadlines, including a deadline for submitting witness lists, exhibit lists, deposition excerpts, and proposed jury instructions. Deadlines will also be established for filing motions *in limine* and other trial-related motions.

7. **Consent**: The parties may consent to have further proceedings in this case conducted by Judge Rutherford.[1] *See* 28 U.S.C. § 636(c). Consent to the authority of the magistrate judge is voluntary, and any party is free to withhold consent without adverse substantive consequences. However, a magistrate judge may often be in the best position to provide a speedy, just, and inexpensive adjudication of a civil case while still preserving the right of direct appeal to the court of appeals. If all parties consent to the authority of the magistrate judge, the case will be reassigned to Judge Rutherford to conduct all further proceedings, including any trial, and enter a final judgment, in accordance with 28 U.S.C. § 636(c). If parties do not consent, Judge Rutherford will make findings and recommendations in the case pursuant to 28 U.S.C. § 636(b).

8. **Noncompliance**: The failure to comply with any part of this order may result in the imposition of sanctions. *See* Fed. R. Civ. P. 16(f). Should any party or counsel fail to cooperate in accomplishing anything required by this order, that party or counsel or both may be subject to sanctions, including dismissal or entry of default.

9. **Communications with the Court**: Attorneys and self-represented litigants are discouraged from contacting chambers except in rare emergencies. Parties may not bring the Court procedural or scheduling questions that can be addressed by the Federal Rules of Civil Procedure, the Local Civil Rules for the Northern District of Texas, the Court's Scheduling Order, or any prior Court order related to the calling attorney's or litigant's case. The Court's staff will not discuss any substantive aspects of a specific case, the status of a pending motion, give legal advice, opine on the Court's preferences in a motion to the Court, or predict what the Court will do on a given matter. Please do not inquire about the status of pending motions. If there are extenuating circumstances regarding a pending motion that should be brought to the Court's attention, please electronically file an appropriate notice or request for relief via the CM/ECF system. Unless directed by the Court, do not email the Court or any court staff.

10. **Rule 11 Warning Regarding Generative Artificial Intelligence**: Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper must be

---

[1] The parties may utilize the electronic consent option available through PACER to advise the Court of their consent: https://ecf.txnd.uscourts.gov/cgi-bin/ShowIndex.pl.

signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). And by presenting to the court a pleading, written motion, or other paper, "whether by signing, filing, submitting, or later advocating it," an attorney or self-represented litigants certifies—among other things—the claims, defenses, and other legal contentions are warranted by existing law and the factual contentions have evidentiary support. Fed. R. Civ. P. 11(b). Attorneys and self-represented litigants are cautioned against submitting to the Court any pleading, written motion, or other paper drafted using generative artificial intelligence (e.g., ChatGPT, Harvey.AI, or Google Bard) without checking the submission for accuracy by traditional means (using print reporters or reputable legal databases). Any attorney or self-represented litigant who signs a pleading, written motion, or other paper submitted to the Court will be held responsible for the contents of that filing under Rule 11, regardless of whether generative artificial intelligence drafted any portion of that filing. *See* Fed. R. Civ. P. 11(c) (providing for imposition of an "appropriate sanction"—including nonmonetary directives, a penalty payable to the court, or payment to the opposing party of attorney's fees and expenses directly resulting from the violation—if, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated).

**Questions**: Questions concerning electronic filing procedures should be directed to the ECF Help Desk at (866) 243-2866.

**SO ORDERED**.

December 31, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

5