UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ROBERT ALLEN BAUTISTA,**           ) <br> ) <br> Plaintiff,           ) <br> ) <br> v.           ) <br> ) <br> **CAPITAL ONE FINANCIAL** ) <br> **CORPORATION; CAPITAL ONE,** ) <br> **NATIONAL ASSOCIATION;** ) <br> **CAPITAL ONE SERVICES, LLC;** ) <br> **EQUIFAX INC.; EXPERIAN** ) <br> **CORPORATION; TRANSUNION,** ) <br> ) <br> Defendants.           ) | **Case No.: 3:24-cv-03010-N-BT** |

**DEFENDANT CAPITAL ONE, N.A.'S REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Capital One, N.A. (also erroneously sued as "Capital One Financial Corporation" and "Capital One Services, LLC;" hereinafter "Capital One") hereby replies in support of its *Motion to Dismiss* **(Doc. 20)** (the "Motion") the *Second Amended Complaint* ("SAC") filed by Plaintiff Robert Allen Bautista ("Plaintiff") for failure to state a claim on which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).

I. **INTRODUCTION**

Plaintiff's Response to Capital One's Motion fails to provide any compelling counterarguments; instead, the Response merely restates portions of the SAC, alleges new causes of action not pled in the SAC, and summarily concludes that the pleading requirements have been met. Accordingly, Capital One's arguments in its Motion stand uncontroverted. Based on said Motion and the grounds set forth below, Capital One respectfully requests that the Court grant its

Motion to Dismiss Plaintiff's Second Amended Complaint in its entirety, without leave to amend.

## II. ARGUMENT

In its Motion, Capital One established that the SAC is subject to dismissal, pursuant to Rule 12 because it is entirely bereft of even the most rudimentary facts, including, but not limited to, the identity of the Principal, whether Plaintiff has standing to bring this action on the Principal's behalf, and dates for statute of limitations consideration. In his Response to the Motion to Dismiss ("Response"), Plaintiff claims that the 'Principal' is "ROBERT ALLEN BAUTISTA™, a trademarked sole proprietorship and the Principal for the account," and that the Plaintiff is "Bautista, Robert-Allen, a Free man of the Union, domiciled in the Republic of Texas, is the duly authorized sole Agent authorized to act for the Principal." Plaintiff's Response at p. 2, ¶ 2. These claims directly contradict the SAC wherein Plaintiff identified the plaintiff in this case as "ROBERT ALLEN BAUTISTA®." *Id.* § I, ¶ 1. Simply put, even the identity of the named plaintiff is now uncertain.

Plaintiff does not address Capital One's arguments regarding the lack of any other foundational facts or those sufficient to properly plead every element of Plaintiff's numerous causes of action. Instead, Plaintiff opts to restate portions of the SAC and assert new claims not made in the SAC under the Uniform Commercial Code, Federal Reserve Act, and Texas Rules of Professional Conduct. *See* Plaintiff's Response at p. 2, ¶ 4 – *id.* p. 4, ¶ 2; p. 5, ¶¶ 3-4. Not only has Plaintiff failed to show that the SAC sufficiently states a claim, even per the lenient standards applicable to *pro se* litigants, but his Response added to the SAC's uncertainty and took further steps away from presenting "a cognizable legal theory" and "sufficient facts alleged under a cognizable legal theory." *Vines v. City of Dallas*, 851 F. Supp. 254, 259 (N.D. Tex. 1994) (citing

2

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). Again, it is impossible to even determine whether standing exists or if the statute of limitations has expired.

Moreover, the Response provides a clear preview of how Plaintiff's 'Third Amended Complaint' would be constructed and only serves to support Capital One's position that granting Plaintiff leave to amend (*i.e.*, a fourth opportunity to plead his claims) would only lead to an exercise in futility and undue prejudice in the form of unnecessary time, effort, and cost incurred by Capital One, as well as the Court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that leave to amend should only be granted "[i]n the absence of any apparent or declared reason -- such as . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.").

### III.  CONCLUSION

Based on the foregoing reasons, Capital One respectfully requests that the Court grant this Motion to Dismiss Plaintiff's Second Amended Complaint in its entirety, without leave to amend.

Dated: March 4, 2025                                      Respectfully submitted,

                                                          *s/ David Herrold*
                                                          David H. Herrold, SBN 24107029
                                                          BURKE BOGDANOWICZ PLLC
                                                          1201 Elm Street, Suite 4000
                                                          Dallas, Texas 75270
                                                          Tel. (214) 473-5985
                                                          E-mail: dherrold@burkebog.com

                                                          **Attorneys for Defendant,**
                                                          **CAPITAL ONE, N.A.**

CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on March 4, 2025, he caused the above and foregoing pleading to be electronically filed with the CM/ECF System maintained by the U.S. District Court for the Northern District of Texas (Dallas Division), and understands that a '*Notice of Electronic Filing*' with a link to said instrument, as filed, will be served in accordance with Fed.R.Civ.P. 5 upon the following persons who have registered with the CM/ECF System to obtain service therefrom in this civil action:

    **David H Herrold**    dherrold@burkebog.com, mgoens@burkebog.com
    **Robert Allen Bautista**    rbrtbtst16@gmail.com

                                     *s/David Herrold*