UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Robert Bautista,<br><br>   *Plaintiff,*<br>v.<br><br>Capital One Financial Corporation, et al.,<br><br>   *Defendants*. | CASE NO. 3:24-cv-03010-N-BT |

**DEFENDANTS EXPERIAN INFORMATION SOLUTIONS, INC.
AND TRANS UNION LLC'S JOINT MOTION TO DISMISS
<u>PLAINTIFF'S AMENDED COMPLAINT</u>**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Experian Information Solutions, Inc. ("Experian") and Trans Union LLC ("Trans Union")[1] (collectively, the "CRAs") hereby move to dismiss the claims brought against them by Plaintiff Robert Bautista ("Plaintiff") for failure to state a claim on which relief can be granted.

## I.  INTRODUCTION

Plaintiff's Amended Complaint is vague and sets forth conclusory allegations that fail to state a claim against the CRAs. *See* Dkt. 16. As set forth in more detail below, Plaintiff's Amended

---

[1] Plaintiff failed to properly serve Trans Union—and Trans Union moves for dismissal in the alternative based on Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(4) (insufficient process); Fed. R. Civ. P. 12(b)(5) (insufficient service of process). Plaintiff merely sent a purported copy of the summons—without the Complaint—via certified mail to "Trans Union Legal." *See United States v. Cabelka*, No. 7:16-CV-00126-O-BP, 2017 WL 6883893, at *2 (N.D. Tex. Dec. 21, 2017), *report and recommendation adopted*, No. 7:16-CV-00126-O-BP, 2018 WL 341739 (N.D. Tex. Jan. 9, 2018) (analyzing Rules 12(b)(4) and 12(b)(5) and dismissing *pro se* lawsuit under Rule 12(b)(5) for failing to adequately comply with Texas law and Rule 4 of the Federal Rules of Civil Procedure); *see also King v. United States Postal Serv. Agency*, No. 3:24-CV-00492-S-BT, 2025 WL 607875, at *2 (N.D. Tex. Jan. 14, 2025), *report and recommendation adopted*, No. 3:24-CV-0492-S-BT, 2025 WL 607062 (N.D. Tex. Feb. 25, 2025) (explaining "[a] plaintiff's *pro se* status does not excuse the failure to properly effect service") (citing *Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990)).

Complaint fails to comply with procedural and substantive requirements of the Federal Rules of Civil Procedure and fails to state a claim upon which relief may be granted. At other times, Plaintiff pleads facts disputing any claim he could plausibly allege under the FCRA. Therefore, Plaintiff's Amended Complaint must be dismissed with prejudice.

## II. FACTUAL BACKGROUND

Plaintiff, appearing *pro se*, filed his "Petition for Fair Access to Financial Services, Securities Fraud, and Misrepresentation" ("Petition") in the Dallas County District Court on October 25, 2024. Dkt. 1-1 at 10. Plaintiff did not name Experian or Trans Union as Defendants in the Petition. *Id.* Capital One Financial Corporation ("Capital One") removed the case to this Court on December 2, 2024. *See* Dkt 1. Shortly thereafter, Plaintiff filed an Amended Complaint joining Experian and Trans Union as Defendants, along with Equifax Information Services, LLC[2] (the "CRAs"). Dkt. 16.

Plaintiff generally alleges a dispute between himself and Capital One regarding Plaintiff's "outstanding legal obligations" and his "legal rights to contract." Dkt. ¶¶ 5–8. According to Plaintiff, Capital One has rebuffed Plaintiff's "good faith attempts to remit Bills of Exchange created by the Capital One Defendants on the Principal's account in order to settle outstanding debts."[3] *Id.* ¶ 6. Capital One's actions have allegedly violated numerous federal and state laws. *Id.* ¶ 9.

---

[2] Upon information and belief, Defendant Equifax Information Services, LLC has not been properly served. However, this Court may apply the same arguments raised by Experian and TransUnion to the claims made against Equifax because the claims factually and legally overlap. *Holloway v. Equifax*, No. 4:23-CV-01038-P, 2024 WL 2747734, at *2 (N.D. Tex. May 29, 2024).

[3] One court has recounted the legal theory of Bills of Exchange in detail and described this theory as "equal parts revisionist legal history and conspiracy theory." *Bryant v. Washington Mut. Bank*, 524 F. Supp. 2d 753, 758 (W.D. Va. 2007), *aff'd*, 282 F. App'x 260 (4th Cir. 2008); *see also McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 214 (D. Conn. 2010) (collecting cases rejecting similar legal theories).

As for the CRAs, Plaintiff's Amended Complaint provides one bullet point of allegations:

> **Equifax Inc.**, **Experian Corporation**, and **TransUnion**, the credit reporting agencies, each of which have contributed to the improper and inaccurate reporting of Plaintiff's credit information, in violation of the FCRA and FACTA, and have failed to ensure the accuracy of the information they provided to Defendants, contributing to Plaintiff's financial hardship.

*Id.* at 7 (emphasis in original).

Plaintiff does not allege any specific inaccuracy or inaccuracies in the CRAs reporting. Plaintiff also does not allege that he submitted a dispute to the CRAs, nor does he make any allegations about any reinvestigation of such a dispute by the CRAs.

### III. LEGAL STANDARD

#### A. 12(b)(6) Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint when it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the Supreme Court instructed lower courts to consider "[t]wo working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the court need not accept, as true, legal conclusions couched as factual allegations. *Id.* Second, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint … has not 'show[n]' … 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). A plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" to survive a motion to dismiss. *Id.* at 678. "The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced

3

by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. *Pro Se* Litigants

Although courts "subject[] the pleadings of *pro se* parties to less rigid analysis than those of a party represented by counsel," *pro se* pleadings must still "set forth facts giving rise to a claim on which relief may be granted." *Branham v. Bank of Am., N.A.*, No. 4:23-CV-00959-O-BP, 2024 WL 3277741, at *1 (N.D. Tex. May 30, 2024), *report and recommendation adopted*, No. 4:23-CV-00959-O-BP, 2024 WL 3278970 (N.D. Tex. July 2, 2024) (first quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); and then quoting *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988)) (internal citations omitted). In other words, "[a] *pro se* litigant must follow the same procedural rules governing all litigants." *Knoop v. Douglas,* No. 2:09-cv-0148, 2010 WL 4007752, at *4 (N.D. Tex. Oct. 12, 2010) (citing *Christian v. Dallas*, 64 F. Supp. 2d 617, 623 (N.D.Tex. 1999)).

## IV.   ARGUMENT

Plaintiff's Amended Complaint should be dismissed with prejudice without the opportunity to replead. First, Plaintiff's Amended Complaint fails to comply with Federal Rule of Civil Procedure 8 because it does not give the CRAs notice of the claims against them. Second, Plaintiff's Amended Complaint contradicts Plaintiff's FCRA and FACTA claims that an inaccuracy exists on a Capital One account, fails to identify any inaccuracy in Plaintiff's credit report, and does not allege that he ever disputed an inaccuracy with the CRAs. Third, Plaintiff pleaded a legal dispute between him and Capital One, a dispute properly resolved by this Court and not a CRA through the FCRA reinvestigation process. Because of the deficiencies in Plaintiff's Amended Complaint and the futility of allowing Plaintiff to replead, this Court should dismiss Plaintiff's claims against the CRAs with prejudice.

4

    **A.**    **Plaintiff's Amended Complaint Fails to Satisfy the Pleading Requirements of Fed. R. Civ. P. 8 and is Subject to Dismissal Under Fed. R. Civ. P. 12(b)(6).**

        1.    <u>Plaintiff's Amended Complaint Fails to Show He Is Entitled to Relief.</u>

Plaintiff's Amended Complaint does not meet the standards of Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." *Cunningham v. Turner*, No. 3:24-CV-0154-D, 2024 WL 2804930, at *1 (N.D. Tex. May 31, 2024). In considering what constitutes a satisfactory "statement of the claim" under Federal Rule of Civil Procedure 8(a)(2), the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly* held that mere "notice pleading" was not enough. To pass muster, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570. Furthermore, the complaint must "state its claims … in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[A] *pro se* plaintiff is not excused from his 'obligation to plead specific facts … pursuant to Rule 8 of the Federal Rules of Civil Procedure.'" *Boswell v. Honorable Governor of Texas*, 138 F. Supp. 2d 782, 785 (N.D. Tex. Sep. 19, 2000). Under this standard, to survive a Rule 12(b)(6) motion to dismiss, Plaintiff must do more than recite legal conclusions or make broad, speculative assertions of fact. Failing that, the claim must be dismissed.

When a plaintiff "<u>fails to distinguish the actions of each named defendant</u>," the plaintiff engages in "quintessential shotgun pleading, which could properly be disregarded." *Alexander v. S. Health Partners, Inc.*, No. 3:22-CV-0395-X, 2023 WL 3961704, at *3 (N.D. Tex. June 12, 2023) (emphasis added) (first citing *Bell v. Wells Fargo Bank, N.A.*, No. 4:14-CV-388-Y, 2017 WL 6761770, at *3 (N.D. Tex. Oct. 13, 2017) (Means, J.) (cleaned up); then citing *Curry v. Lubrizol Corp.*, No. 4:22-CV-03735, 2022 WL 17811395, at *1 (S.D. Tex. Dec. 19, 2022) (recognizing that a plaintiff engaged in "vague 'shotgun pleading'" when he "insufficiently specified which

5

defendants committed which tortious acts"); and then citing *Davis v. City of Alvarado*, No. 19-CV-463-K-BK, 2019 WL 6896878, at *4 n.2 (N.D. Tex. Dec. 3, 2019), *report and recommendation adopted*, No. 3:19-CV-0463-K, 2019 WL 6894686 (N.D. Tex. Dec. 18, 2019), *aff'd*, 835 F. App'x 714 (5th Cir. 2020) (per curiam) (recognizing that "shotgun pleading must be disregarded where it uses blanket terms to address all defendants collectively or asserts multiple claims against multiple defendants without specifying which defendants are responsible for which acts") (cleaned up)).  While courts hold *pro se* plaintiff's pleadings to "'less stringent standards than formal pleadings drafted by lawyers[,]' … the Court's liberal construction of the Complaint cannot override the allegations' legal implausibility." *Holloway*, 2024 WL 2747734, at *1 (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Here, Plaintiff lumps all defendants together and makes only conclusory allegations. Indeed, the Amended Complaint is a "shotgun pleading" where Plaintiff attempts to allege "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claims is brought against." *Jones v. Grapeland Indep. Sch. Dist.*, No. 24-40194, 2024 WL 4490604, at *1 n.1 (5th Cir. Oct. 15, 2024) (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015)).  First, Plaintiff buries the CRAs in confusing and vague ramblings and does not specify the basis of his claims against the CRAs in violation of Rule 8 of the Federal Rules of Civil Procedure.  *See* Dkt. 16 ¶ 5 (alleging issues with "the outstanding financial obligations owed to the **Defendants**, specifically … [Capital One Defendants]."); *id.* ¶¶ 10–11 (alleging "**Defendants'** actions constitute violations" of multiple statutes without referring to which particular defendants and without clearly specifying the basis for the alleged misconduct) (emphasis added).  In fact, Plaintiff alleges only that "the credit reporting agencies, each of which have contributed to the

6

improper and inaccurate reporting of Plaintiff's credit information, in violation of the FCRA and FACTA, and have failed to ensure the accuracy of the information they provided to Defendants, contributing to Plaintiff's financial hardship." Dkt. 16 at 7. He does not identify how the CRAs contributed to "improper and inaccurate reporting of Plaintiff's credit information," nor what was "improper and inaccurate." In conclusory fashion, Plaintiff summarily states that this somehow violated the FCRA and FACTA. Plaintiff then alleges the CRAs "failed to ensure the accuracy of the information they provided to Defendants," but he provides no supporting allegations regarding what "information" the CRAs failed to ensure was accurate, how they failed to ensure its accuracy, nor how the inaccuracy resulted from a failure to follow reasonable procedures. Plaintiff has simply not pleaded any facts to support his conclusory allegations against the CRAs.

The pleadings here resemble those in *Holloway* where the court dismissed the complaint with prejudice. 2024 WL 2747734. There, the *pro se* plaintiff alleged the CRAs and a credit furnisher violated the FCRA and Gramm-Leach-Biley Act when the defendants failed to correct certain inaccuracies on plaintiff's credit report. *Id.* at *1. The parties engaged in "a back-and-forth" but the reporting remained on plaintiff's credit report. *Id.* The court held that the complaint "'does not identify with specificity what, if anything' those Defendants 'have done wrong.'" *Id.* at *2. Importantly, the plaintiff failed to make "probative allegations that the contested credit entries were wrong" and why the disputed "entries should have been excluded from her credit report." *Id.*

Like *Holloway*, Plaintiff's Amended Complaint fails to "'identify with specificity what, if anything' [the CRAs] 'have done wrong.'" *See id.* Plaintiff makes an unadorned one sentence allegation of how the CRAs allegedly harmed him, leaving the CRAs unable to form an informed defense to the allegation. Plaintiff also does not make any "probative allegations" regarding the

7

disputed credit entries, whatever those may be. *See id.* Plaintiff fails to allege that he paid a debt owed to Capital One that is still being reported or that his consumer report otherwise contains an inaccuracy. Without more, Plaintiff has failed to plead his claims as required by Rule 8(a).

To be clear, it is impossible for the CRAs to determine with certainty how the allegations pertain to them and give rise to any claims for relief. The CRAs—and this Court—cannot reasonably be expected to comb through Plaintiff's ramblings to find a cause of action. Put simply, "[a] dismissal under Rules 8(a)(2) and 10(b) is appropriate" here. *Randle v. Brown*, No. 3:23-CV-2532-E-BN, 2023 WL 8439147, at *3 (N.D. Tex. Nov. 17, 2023), *report and recommendation adopted*, No. 3:23-CV-2532-E-BN, 2023 WL 8436058 (N.D. Tex. Dec. 5, 2023) (quoting *Weiland*, 792 F.3d at 1320–23; and then citing *Roe v. Johnson Cnty., Texas*, No. 3:18-CV-2497-B-BN, 2019 WL 5031357, at *5 (N.D. Tex. July 29, 2019), *report and recommendation adopted*, No. 3:18-CV-2497-B-BN, 2019 WL 3980737 (N.D. Tex. Aug. 22, 2019) ("Shotgun pleadings are subject to dismissal under Rule 12(b)(6), particularly where – as shown by the multiplicity of claims here – 'the pleader heedlessly throws a little bit of everything into his complaint in the hopes that something will stick.'")). For these reasons, the Court should dismiss Plaintiff's claims against the CRAs.

        2.      <u>Plaintiff Fails to Allege the Elements of his FCRA and FACTA Claims, Requiring Dismissal.</u>

In addition to failing to meet the pleading standard under Rule 8(a), Plaintiff also fails to plead the elements of a claim under the FCRA and FACTA.[4] First, Plaintiff's Amended Complaint alleges the reporting for a Capital One account was accurate, thus his pleadings foreclose a claim premised on an inaccuracy. Second, Plaintiff does not identify an alleged inaccuracy in his credit

---

[4] FACTA is the 2003 amendment to the FCRA. *Doe v. Charter Commc'ns, L.L.C.*, No. 24-50121, 2025 WL 813589, at *4 (5th Cir. Mar. 14, 2025).

report.  Third, Plaintiff fails to even allege that he submitted a dispute to the CRAs, a precursor to a reinvestigation.

Taking Plaintiff's allegation as true, the reporting of the at-issue Capital One account is accurate.  Plaintiff does not dispute that he entered into a loan with Capital One and that he has not been able to pay off his debt owed to Capital One.  *See* Dkt. 16 ¶¶ 5, 6 (alleging "outstanding financial obligations owed to the Defendants").  Nor does he allege any aspect of the tradeline, such as the amount or date opened, was inaccurate.  Thus, Plaintiff cannot plead any alleged inaccuracy for reporting the debt owed to Capital One.  To make either a reinvestigation or reasonable procedure clam under the FCRA, Plaintiff must allege an inaccuracy.  *Palomo v. Trans Union, LLC*, No. 4:21-CV-904-SDJ-KPJ, 2022 WL 17731824, at *3 (E.D. Tex. Sept. 7, 2022) (collecting cases).  Because Plaintiff has pleaded that he owes a debt to Capital One and he has not paid off that debt, Plaintiff fails to allege an inaccuracy in the reporting for any Capital One loan or account.

Plaintiff vaguely states that there was "improper and inaccurate reporting of Plaintiff's credit information" and that the CRAs "failed to ensure the accuracy of the information they provided to Defendants."  Dkt. at 7.  However, Plaintiff does not identify what was inaccurate or how it was inaccurate, a prerequisite for an FCRA claim.  *Boothe v. Equifax Info. Servs. LLC*, No. 3:21-CV-1766-D, 2021 WL 5630839, at *3 (N.D. Tex. Dec. 1, 2021) ("To state a plausible claim under § 1681e(b) and § 1681i, [plaintiff] must plead that [the CRA's] credit report contained a factual inaccuracy.").  Thus, Plaintiff fails to plead a reinvestigation or reasonable procedures claim.

Lastly, Plaintiff fails to allege the facts necessary for a reinvestigation claim.  To bring a reinvestigation claim, Plaintiff must have disputed the alleged inaccuracy with the CRA.  15 U.S.C.

§ 1681i(a)(1)(A). Fifth Circuit caselaw is clear on this issue. *See Morris v. Equifax Info. Servs., LLC*, 457 F.3d 460, 469 (5th Cir. 2006), *as modified on reh'g* (Aug. 17, 2006) (discussing the notify directly requirement); *Pinner v. Schmidt*, 805 F.2d 1258, 1262 (5th Cir. 1986) (noting the duty to reinvestigate only arises "once the consumer has protested the inclusion of the material"). Plaintiff does not allege that he ever disputed any Capital One account with the CRAs. Thus, Plaintiff fails to allege a necessary element for a claim under 15 U.S.C. § 1681i.

Based on the foregoing, Plaintiff's Amended Complaint should be dismissed.

   3. <u>Plaintiff Has a Legal Dispute With Capital One and the CRAs Are Not the Proper Arbiter of This Dispute.</u>

"Federal courts overwhelmingly agree that the FCRA only requires CRAs to investigate factual inaccuracies; they need not resolve legal disputes over an underlying debt." *Estrada v. Experian Info. Sols., Inc.*, 670 F. Supp. 3d 412, 419 (W.D. Tex. 2023) (collecting cases). "Generally, the validity of a debt is a legal dispute, resolvable only in a court of law." *Reyes v. Equifax Info. Servs., LLC*, No. 4:21-CV-00639-SDJ-AGD, 2023 WL 7272368, at *6 (E.D. Tex. Sept. 14, 2023). "[C]ourts have been loath to allow consumers to mount collateral attacks on the legal validity of their debts in the guise of FCRA reinvestigation claims." *Id.* Therefore, the failure to plausibly allege the existence of factually inaccurate information is fatal to an FCRA claim.

Here, Plaintiff does not dispute the validity of any contract he made with Capital One. Plaintiff instead alleges Capital One will not honor his "Bills of Exchange" and "discharge the outstanding debt owed." Dkt. ¶ 6. Whether Capital One must honor Plaintiff's "Bills of Exchange" and whether Capital One failed to do so, will require this Court to make a legal determination. The CRAs are not equipped to make such legal determinations. *See, e.g.*, *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008) (holding that plaintiff failed to allege factual inaccuracy in his credit report because the legal status of his mortgage was a "legal

10

issue that a credit agency … is neither qualified nor obligated to resolve under the FCRA"); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) ("A [credit reporting agency] is not required as part of its reinvestigation duties to provide a legal opinion on the merits. Indeed, determining whether the consumer has a valid defense is a question for a court to resolve in a suit against the creditor, not a job imposed upon consumer reporting agencies by the FCRA.") (internal quotations omitted); *see also Wright v. Experian Info. Sols., Inc.*, 805 F.3d 1232, 1242 (10th Cir. 2015) ("A reasonable reinvestigation, however, does not require CRAs to resolve legal disputes about the validity of the underlying debts they report."); *Johnson v. Trans Union, LLC*, No. 10 C 6960, 2012 WL 983793, at *7 (N.D. Ill. Mar. 22, 2012), *aff'd,* 524 F. App'x 268 (7th Cir. 2013) (observing that FCRA litigation is "not the appropriate way" to resolve a dispute over the legal status of a debt).

Because the CRAs must only investigate factual inaccuracies, Plaintiff's claim against the CRAs should be dismissed.

### B.     Amendment to the Amended Complaint Would Be Futile.

Plaintiff has already had multiple opportunities to plead his claims. "Granting leave to amend is not required … if the plaintiff has already pleaded his 'best case.'" *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)).

Further, because Plaintiff pleads no inaccuracy exists for the Capital One account, fails to plead he disputed the account, and because any dispute between Plaintiff and Capital One involves a legal and not a factual inaccuracy, this Court should not grant leave to amend. Where, as here, Plaintiff complains "about a *legal* inaccuracy," courts routinely deny leave to amend. *Warner v. Equifax Info. Servs. LLC*, No. 3:23-CV-1286-E, 2025 WL 714243, at *5 (N.D. Tex. Feb. 11, 2025),

*report and recommendation adopted*, No. 3:23-CV-1286-E, 2025 WL 714165 (N.D. Tex. Mar. 5, 2025); *Appiah v. LexisNexis Risk Sols. Inc.*, No. 3:24-CV-1944-S-BN, 2025 WL 607877, at *5 (N.D. Tex. Jan. 15, 2025), *report and recommendation adopted*, No. 3:24-CV-1944-S-BN, 2025 WL 607063 (N.D. Tex. Feb. 25, 2025) (dismissing with prejudice unless plaintiff showed through timely objection the basis to allow amendment).  Plaintiff could not plead a set of facts to plausibly allege claims against the CRAs.  Therefore, this Court should deny leave to amend.

Dated: April 21, 2025

Respectfully submitted,

By: */s/ Chance B. McCraw*
Chance B. McCraw
State Bar No. 24125807
cmccraw@jonesday.com
JONES DAY
2727 North Harwood St., 5th Floor
Dallas, TX 75201
Telephone: 214.969.5104
Facsimile: 214.969.5100

*Attorney for Defendant*
*Experian Information Solutions, Inc.*

*/s/ Heliane Fabian*
**HELIANE FABIAN**
Texas Bar No. 24109850
hfabian@qslwm.com
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
6900 N. Dallas Parkway, Suite 800
Plano, TX 75024
(214) 560-5450
(214) 871-2111 Fax

***Counsel for Trans Union LLC***

12

## **CERTIFICATE OF SERVICE**

I certify that today I caused the foregoing to be electronically filed with the clerk of court for the U.S. District Court for the Northern District of Texas, by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Dated: April 21, 2025                                        Respectfully submitted,


                                                             /s/  *Chance B. McCraw*
                                                             Chance B. McCraw

1