IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT ALLEN BAUTISTA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:24-cv-03010-N-BT |
| | § | |
| CAPITAL ONE FINANCIAL | § | |
| CORPORATION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are separate motions to dismiss this lawsuit under Federal Rule of Civil Procedure 12(b)(6) filed by Capital One, N.A. (Capital One) and Experian Information Solutions, Inc. (Experian) and Trans Union LLC (Trans Union). As explained below, the District Judge should GRANT Defendants' motions (ECF Nos. 20 and 33) and DISMISS Plaintiff's claims with prejudice.

**Background**

Plaintiff Robert Allen Bautista, proceeding *pro se*, initially filed this civil action in a Dallas County District Court asserting claims against Capital One[1] for alleged violations of numerous federal and state statutes, including the Equal Credit Opportunity Act (ECOA), the Fair Housing Act (FHA), the Fair Credit

---

[1] Bautista sued Defendant Capital One, N.A. as three separate entities: "Capital One Financial Corporation," "Capital One, National Association," and "Capital One Services, LLC." *See* Notice of Removal 1 (ECF No. 1).

Reporting Act (FCRA), Fair and Accurate Credit Transactions Act (FACTA), the Securities Exchange Act of 1934, the Texas Fair Lending Act, the Texas Securities Act, and the Texas Deceptive Trade Practices Act (DTPA). *See* Notice of Removal, Ex. 1-B (ECF No. 1). Capital One timely and properly removed the case to federal court. *See* Notice of Removal; *see also* Order (ECF No. 34) (accepting the Findings, Conclusions, and Recommendation (ECF No. 29) to deny motion to remand because action was properly removed).

Bautista subsequently filed an Amended Complaint (FAC), adding Equifax Inc., Experian, and Trans Union (the Credit Reporting Agencies or "CRAs") as defendants, adding claims for breach of contract and seemingly dropping his claims under the FHA and the Texas Fair Lending Act. FAC 3 (ECF No. 9). The Court reminded Bautista that he "must effect proper service of the Amended Complaint on the newly added Defendants." Order 2 (ECF No. 11).

Bautista then filed his Second Amended Complaint (SAC), adding a claim for breach of fiduciary duty. SAC 5 (ECF No. 16). After the Court again reminded Bautista of his responsibility to serve all Defendants, *see* Order 2 (ECF No. 17), Bautista filed a purported proof of service showing that a process server sent summons to Experian, Trans Union, and Equifax by certified mail. *See* Reply (ECF No. 23). However, the proof of service forms are incomplete, do not show where the certified mail was sent or delivered, and do not include a copy of the complaint.

Capital One filed a motion to dismiss Bautista's SAC (ECF No. 20), Bautista filed a response (ECF No. 22), and Capital One filed a reply (ECF No. 25). Experian

and Trans Union also filed a joint motion to dismiss Bautista's SAC (ECF No. 33). Bautista did not file a response and the time for doing so has passed. Equifax has not appeared in the case.

## Legal Standards

To survive a Rule 12(b)(6) motion, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*,

550 U.S. at 557).

When applying the plausibility standard, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). But a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Review is "limited to the complaint, any documents attached to the complaint, and any documents attached to the [motion to dismiss] that are central to the claim and referenced by the complaint." *Smith v. Buffalo Wild Wings*, 2021 WL 4265849, at *2 (N.D. Tex. Sept. 20, 2021) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)); *see also Inclusive Communities Project, Inc. v. Heartland Cmty. Ass'n, Inc.*, 399 F. Supp. 3d 657, 665 (N.D. Tex. 2019) ("In ruling on [a Rule 12(b)(6)] motion, the court cannot look beyond the pleadings.") (citing *Spivey*, 197 F.3d 772, 774 (5th Cir. 1999)), *aff'd*, 824 F. App'x 210 (5th Cir. 2020).

The Court liberally construes Bautista's SAC with all possible deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But such liberal treatment does not require the Court to "create causes of action where there are none." *Smith v. CVS Caremark Corp.*, 2013 WL 2291886, at *8 (N.D. Tex. May 23,

4

2013). And *pro se* status does not provide an "impenetrable shield," "for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## Analysis

### 1.  Bautista's Claims as to Capital One

In his SAC, Bautista alleges that Capital One wrongfully refused to accept his "Bills of Exchange" as valid forms of payment to settle outstanding debts on "the Principal's account." *See* SAC § III, ¶ 6. Bautista alleges that he "made numerous attempts to set off the outstanding debt on behalf of the Principal, yet the Capital One Defendants have consistently failed to honor these requests." *Id.* ¶ 7. Bautista alleges that he is "the duly authorized agent and attorney-in-fact for the Principal." *Id.* ¶ 5.[2] Bautista also alleges that Capital One discriminated against "the Principal" by "unlawfully treat[ing] the Principal's account as though the Principal were a minor or otherwise incapable of contracting, based on erroneous assumptions of the Principal's legal incapacity." *Id.* Bautista adds that, along with this purported refusal "to recognize the Principal's legal rights," Capital One's alleged "continued

---

[2] In his response to Capital One's motion to dismiss, Bautista states that the Principal "is ROBERT ALLEN BAUTISTA™, a trademarked sole proprietorship and the Principal for the account. Plaintiff, Bautista, Robert-Allen, a Free man of the Union, domiciled in the Republic of Texas, is the duly authorized sole Agent authorized to act for the Principal." Resp. to Capital One's Mot. 2 (ECF No. 22).

failure to honor lawful attempts to discharge debt, represents clear discriminatory behavior." *Id.* ¶ 8.[3]

Capital One argues that Bautista's SAC is "entirely bereft of even the most rudimentary facts" and even assuming Bautista pleaded rudimentary facts, fails to plead facts sufficient to plead every element of every cause of action. Capital One's Mot. 4–5. In particular, Capital One argues that "the SAC does not provide any information regarding the Principal's outstanding debts, identity of any debt accounts at issue if they exist, nature of the purported Bills of Exchange, whether a contract existed between [Bautista and Capital One], [or] why Capital One had a duty at all, let alone a fiduciary one . . . ." *Id.* at 5.

To prevail on a breach of contract claim under Texas law, Bautista must show "(1) the existence of a valid contract; (2) performance or tendered performance by [Bautista]; (3) breach of contract by [Capital One]; and (4) damages sustained by [Bautista] as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (citing *Valero Mktg. & Supply Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.)). Here, Bautista fails to sufficiently plead the existence of a valid contract or any contract provisions that were breached by Capital One. *See King v. Wells*

---

[3] In his response to Capital One's motion, Bautista argues that Capital One "failed to adhere to explicit instructions outlined in the Principal's Durable Power of Attorney. These instructions included the lawful acceptable of Bills of Exchange as payment to settle outstanding debts and the recognition of the Principal's legal capacity to contract." Resp. to Capital One's Mot. 2.

*Fargo Bank, N.A.*, 2012 WL 1205163, at \*2 (N.D. Tex. Mar. 20, 2012) ("Under Texas law, . . . a plaintiff suing for breach of contract must point to a specific provision in the contract that was breached by the defendant."), *adopted by*, 2012 WL 1222659 (N.D. Tex. Apr. 11, 2012), *aff'd by*, 533 F. App'x 431 (5th Cir. 2012).

Bautista also fails to sufficiently plead damages sustained as a result of the alleged breach. He requests damages "for the significant emotional distress, financial harm, and reputational damage caused by Defendants' unlawful actions," *see* SAC § VI, ¶ 3, but fails to allege what damages he actually suffered. *See Lott v. Wells Fargo Bank, N.A.*, 2018 WL 4376413, at \*2 (N.D. Tex. Aug. 22, 2018) ("Because [p]laintiff has not pleaded that he suffered damages as a result of [d]efendant's alleged breach of [contract], [p]laintiff's breach of contract claims against the [d]efendant should be dismissed."), *adopted by*, 2018 WL 4362632 (N.D. Tex. Sept. 13, 2018).

Further, the sovereign citizen theories that underlie Bautista's suit have never succeeded in court.[4] *See Bey v. DeNello*, 2023 WL 2520584, at \*9 (E.D. Tex.

---

[4] Even though Bautista does not use the specific words "sovereign citizen," his claims are clearly based in that ideology. "So-called sovereign citizens argue that, though they are born and reside in the United States, they are their own sovereigns and are not United States citizens." *Mack v. Sweet*, 2017 WL 6756667, at \*3–4 (N.D. Tex. Dec. 4, 2017), *adopted by*, 2017 WL 6729630 (N.D. Tex. Dec. 28, 2017) (citing *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011)). "They claim as grounds for this belief: the Uniform Commercial Code, maritime and admiralty law, the idea of strawman trusts, and Bible verses." *Id.* at \*3 (internal citation omitted). And sovereign citizens often attempt to use their beliefs to, among other things, "extinguish debts." *Id.* "It is common for sovereign citizens to utilize

Feb. 21, 2023) ("These teachings have never worked in a court of law—not a single time."), *adopted by*, 2023 WL 2499917 (E.D. Tex. Mar. 14, 2023) (internal citations omitted). And the Bills of Exchange legal theory has been consistently rejected by the courts as frivolous. *See Harrison v. Iriarte*, 2024 WL 4360626, at *10 (N.D. Miss. Aug. 6, 2024) ("From coast to coast, claims that debts have been paid under the redemption theory by the plaintiffs' issuance of 'bills of exchange' have been dismissed as frivolous."), *adopted by*, 2024 WL 4363236 (N.D. Miss. Sept. 30, 2024) (internal citations omitted).

Even under the liberal construction due to *pro se* plaintiffs, Bautista's SAC fails to state a claim upon which relief can be granted as to Capital One. Accordingly, the District Judge should dismiss with prejudice Bautista's SAC as to Capital One pursuant to Rule 12(b)(6).

2. Bautista's Claims as to Experian and Trans Union (the CRAs)

When Bautista's deadline to respond to their motion passed, the CRAs urged the Court to "consider [their] [m]otion unopposed and grant [them] the relief

---

particular frivolous legal theories, such as claiming to copyright their own names and filing supposed UCC financing statements that exempt them from taxation by becoming a 'secured party' or 'secured creditor.'" *Id.* But sovereign citizen legal arguments and theories "are not valid in the courts of the United States" and have been overwhelmingly rejected for years as frivolous and "indisputably meritless." *Id.*; *see also Watson v. Tex. State Univ.*, 829 F. App'x 686, 686 (5th Cir. 2020) (per curiam). Further, claims that "seem to derive from the so-called 'sovereign citizen movement' are legally frivolous." *Davis v. FNU LNU*, 2021 WL 3353969, at *7 (N.D. Tex. July 13, 2021), *adopted by*, 2021 WL 3291021 (N.D. Tex. Aug. 2, 2021) (internal citations omitted); *see also Hughes v. Shannon*, 2021 WL 1093110, at *5 (N.D. Tex. Mar. 2, 2021), *adopted by*, 2021 WL 1088440 (N.D. Tex. Mar. 22, 2021); *see also United States v. Weast*, 811 F.3d 743, 746 n.5 (5th Cir. 2016).

requested." *See* Reply (ECF No. 35). This Court's Local Civil Rule 7.1(e) instructs that "[a] response and brief to an opposed motion must be filed within 21 days from the date the motion is filed." N.D. Tex. L. Civ. R. 7.1(e). And "a party's failure to defend a claim in [his] response to a motion to dismiss constitutes abandonment." *Ferrer v. United States*, 2024 WL 3974747, at *1 (N.D. Tex. Aug. 28, 2024). However, the Fifth Circuit has "approached the automatic grant of a dispositive motion, such as a dismissal with prejudice based solely on a litigant's failure to comply with a local rule, with considerable aversion." *Webb v. Morella*, 457 F. App'x 448, 452 (5th Cir. 2012). And courts in this District granting a motion to dismiss based on a *pro se* plaintiff's failure to respond to the motion generally only do so *without* prejudice. *See*, *e.g.*, *Ferrer*, 2024 WL 3974747, at *2–3 (granting the government's motion to dismiss *without prejudice* because plaintiff failed to respond to the motion and thus abandoned his claims); *see also Cepeda v. City of Rockwall*, 2024 WL 264688, at *2–3 (N.D. Tex. Jan. 24, 2024) (same). Accordingly, the undersigned addresses the merits of Experian and Trans Union's motion requesting dismissal with prejudice despite Bautista's failure to respond.

In his SAC, Bautista generally refers to "Defendants" in his causes of action, *see* SAC § V, but does not specifically mention Experian and Trans Union until the last page, alleging that:

> Equifax Inc., Experian Corporation, and TransUnion, the credit reporting agencies, each of which have contributed to the improper and inaccurate reporting of Plaintiff's credit information, in violation of the FCRA and FACTA, and have failed to ensure the accuracy of the

9

information they provided to Defendants, contributing to Plaintiff's
financial hardship.

SAC § VII.

The CRAs argue that Bautista's SAC is a "shotgun pleading" that fails to
distinguish the actions of each named defendant—instead lumping them
together—and makes conclusory allegations that do not give them notice of the
alleged claims against them. CRAs' Joint Mot. 6. They also argue that Bautista fails
to allege the elements of his FCRA and FACTA[5] claims because he does not allege
an inaccuracy in his credit report or that he disputed an alleged inaccuracy with
the CRAs. *Id.* at 8–9.

Pleadings are shotgun pleadings when they "fail to definitively attribute
particular conduct to specific defendants, thereby falling short of the federal
pleading standard." *Magee v. BSN Sports, LLC*, 2022 WL 3701627, at *6 (N.D. Tex.
Aug. 8, 2022), *adopted by*, 2022 WL 3702035 (N.D. Tex. Aug. 26, 2022) (citing
*Santander Consumer USA, Inc. v. Homer Skelton Enters., Inc.*, 2017 WL 2558804,
at *1 (N.D. Tex. June 13, 2017) (holding that Federal Rule of Procedure 8(a)(2)
requires a plaintiff's complaint to "notify the defendant as to the nature of the claim
against it and the grounds upon which that claim rests"). And "[s]hotgun pleadings

---

[5] *See Huff v. Shandy's Cafe, LLC*, 2011 WL 5591590, at *1 (S.D. Tex. Nov. 16, 2011)
("While the FACTA provides the basis for plaintiff's claim, the [FCRA] provides the
right to sue: 'Any person who willfully fails to comply with any requirement
imposed under this subchapter with respect to any consumer is liable to that
consumer . . . .' 15 U.S.C. § 1681n. *Pezl v. Amore Mio, Inc.*, 259 F.R.D. 344, 347
(N.D. Ill. 2009) ('FACTA does not contain a separate provision establishing a
private cause of action; the right to sue is granted under the FCRA').").

are subject to dismissal under Rule 12(b)(6)." *Id.* at \*6. Here, Bautista alleges

multiple claims against all defendants without specifying each defendant's role or

conduct in the various alleged violations. *See* SAC § V. Accordingly, his allegations

suffer from shotgun pleading deficiencies.

Even assuming that Bautista's FCRA allegation—that "Defendants failed to

ensure the accuracy and correctness of credit reports"—refers to conduct by the

CRAs specifically, the SAC still fails to state a claim that is plausible on its face.

SAC § V; *see also id.* § VII. For example, "to state a plausible claim under §

1681e(b)[6] and § 1681i[7], [Bautista] must plead that [the CRAs's] credit report[s]

contained a factual inaccuracy." *Boothe v. Equifax Info. Services LLC*, 2021 WL

5630839, at \*3 (N.D. Tex. Dec. 1, 2021). "The law is well-settled that an inaccuracy

in the report is required." *Id.* (citing *Wash. v. CSC Credit Servs. Inc.*, 199 F.3d 263,

267 n.3 (5th Cir. 2000)). The full extent of Bautista's FCRA allegation is that there

was "improper and inaccurate reporting of [his] credit information" and that the

CRAs "failed to ensure the accuracy of the information they provided to

---

[6] Section 1681e(b) governs reasonable procedure FCRA claims and provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

[7] Section 1681i governs reinvestigation FCRA claims and provides that "[i]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate . . . ." 15 U.S.C. § 1681i(a)(1)(A).

Defendants." SAC 5, 7. Bautista does not identify what on his credit report was inaccurate or how it was inaccurate, thus failing to sufficiently plead a FCRA claim.

Accordingly, Bautista's SAC fails to state a claim upon which relief can be granted as to the CRAs, and the District Judge should dismiss with prejudice Bautista's SAC as to the CRAs pursuant to Rule 12(b)(6).

### 3. Bautista's Claims as to Equifax

Even though Equifax did not appear in the case, Experian and Trans Union argue that the Court can apply their arguments to the claims made against Equifax "because the claims factually and legally overlap." CRAs' Joint Mot. 2 n.2. Experian and Trans Union cite to *Holloway v. Equifax* for this proposition, but in *Holloway*, Equifax moved to join Trans Union and Experian's motion to dismiss and the Court found "it was appropriate to grant Equifax's motion and apply the same arguments to Holloway's claims against Equifax as are applied to her claims against TransUnion and Experian." 2024 WL 2747734, at *2 (N.D. Tex. May 29, 2024). Here, Equifax has not moved for such relief.

But because the arguments made in the joint motion to dismiss apply equally to Equifax, the Court "may expand the grounds of a motion and *sua sponte* dismiss non-movants, as long as the plaintiff is given notice and an opportunity to respond." *Shank v. LeBlanc*, 2024 WL 5337650, at *1 n. 62 (M.D. La. Oct. 23, 2024), *adopted by*, 2025 WL 223770 (M.D. La. Jan 16, 2025); *see also Bautista v. Santander Consumer USA et al*, Case No. 3:24-cv-02935-K-BN (ECF No. 51), Findings, Conclusions, and Recommendation ("In sum, the motions to dismiss

12

should be granted under Rule 12(b)(6) and all claims that Bautista may make in the operative complaint against all defendants named in that pleading (regardless of whether they have appeared or not) should be dismissed. And, to the extent this effects a *sua sponte* dismissal, Bautista is now on notice and may respond to this recommended disposition through timely objections."). This recommendation provides Bautista notice and a reasonable opportunity to respond.

Accordingly, as discussed in the above section, Bautista's SAC similarly fails to state a claim upon which relief can be granted as to Equifax and the District Judge should dismiss with prejudice Bautista's SAC as to Equifax pursuant to Rule 12(b)(6).

## Opportunity to Amend

In his response to Capital One's motion, Bautista argues he "should be granted the opportunity to amend the SAC as necessary." Resp. 1. He argues that dismissal without leave to amend would unduly prejudice him because "he has not had a fair opportunity to present his case in full." *Id.* at 7.

Leave to amend is "entrusted to the sound discretion of the district court[,]" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005), *abrogated on other grounds by*, *Burlington N. and Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006) (quoting *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1988)), and Federal Rule of Civil Procedure 15(a) requires that courts freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2)); *see also Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th

Cir. 2002) (motions for "leave to amend [should be granted] 'freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'"). The Court considers five factors in determining whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir.2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2.

But leave to amend is not automatic and may be refused where it would be futile. *See Morgan v. Chapman*, 969 F.3d 238, 248 (5th Cir. 2020) (citing *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)). "The court may deny leave to amend . . . if the defects are incurable or the plaintiff[ ] ha[s] already alleged [his] best case." *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 200 (5th Cir. 2015) (per curiam) (citing *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*,

313 F.3d 305, 329 (5th Cir. 2002); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)).

Here, the District Judge should not allow Bautista to amend his pleadings. Although Bautista is proceeding *pro se*, he has already been given three opportunities to adequately plead his claims and he does not direct the Court to factual allegations he would include to overcome the pleading deficiencies identified here. It appears that he has pleaded his best case and the Court should deny him another opportunity to try again. *See Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 391 (5th Cir. 2017) ("The district court did not abuse its discretion by refusing [p]laintiffs [a third] opportunity to plead their case and dismissing [p]laintiffs' federal claims with prejudice."); *see also Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 258 (5th Cir. 1997) ("[J]udges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case.") (citations omitted).

Additionally, Bautista is a familiar litigant in the Northern District of Texas having filed at least four other lawsuits in a five month period. *See Bautista v. Santander Consumer USA et al*, Case No. 3:24-cv-02935-K-BN (in case raising similar claims against similar or same defendants, Judge Horan recommended dismissal with prejudice under Rule 12(b)(6)); *Bautista v. Gexa Energy LP et al*, Case No. 3:24-cv-02920-E-BT (pending case for similar claims or under similar legal theories); *Bautista v. AT&T Inc*, Case No. 3:25-cv-00435-K-BT (pending case for similar claims or under similar legal theories); *Bautista*

*v. Price Water House Coopers LLP*, Case No. 3:24-cv-02593-D (case for alleged civil rights violations, but based on similar legal theories). Although he has not yet been sanctioned or admonished, he has yet to demonstrate that he can bring a plausible claim against any defendant.

**Recommendation**

The District Judge should GRANT Capital One's Motion to Dismiss (ECF No. 20), GRANT Experian and Trans Union's Joint Motion to Dismiss (ECF No. 33), DISMISS Bautista's claims with prejudice as to all Defendants under Rule 12(b)(6), and DENY further leave to amend.

**SO RECOMMENDED**.

July 25, 2025.

 

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).